COMMONWEALTH *vs.* WILLIAM H. GEORGEOU. December 15, 1981. The defendant has appealed from his conviction on a one-count indictment framed under G. L. c. 266, § 111A; he was acquitted on companion indictments framed under G. L. c. 266, §§ 2 and 10. 1. The evidence, both at the close of the Commonwealth's case and at the conclusion of all the evidence (see *Commonwealth* v. *Kelley*, 370 Mass. 147, 150 & n.1 [1976]), was sufficient to warrant a rational jury in concluding beyond a reasonable doubt (*Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 [1979]) that the defendant was guilty of fraud in the two respects listed in the bill of particulars (which was not shown or explained to the jury) which the Commonwealth chose to pursue at trial. (*a*). It was open to the jury to conclude from the testimony of the witness Allard that shortly before the fire the defendant had removed from the store a television set which he later included in the claim which he submitted to the insurance company; the inconsistencies in her testimony (if they were that) were properly left to the jury. *Commonwealth* v. *Amazeen*, 375 Mass. 73, 81 (1978). As the defendant asserted in one of his requests for instructions, "It is not essential that [a] witness . . . be free from doubt as to the correctness of [her] statement." (*b*). The jury could also conclude that some of the calculations in the claim for inventory loss were infected with fraud. There was evidence from which they could have found that the defendant had a zero bank balance and personal debts of some $20,000 at the time of the fire (see *Commonwealth* v. *Borodine*, 371 Mass. 1, 8 [1976], cert. denied, 429 U.S. 1049 [1977]; *Commonwealth* v. *MacKenzie*, 376 Mass. 148, 149, 150 [1978]); that the defendant's incorporated business (in which he had been the sole shareholder for some twenty-one months) was in comparable straits, to the point where several important

vendors had stopped making deliveries because their bills were unpaid and the electric company was threatening to shut the power off because its bill was unpaid; that the amount of the inventory the defendant claimed to have lost in the fire was seventy times the amount he had reported as the opening and closing inventory on the corporate income tax return which he had filed with respect to a period ending less than thirteen months prior to the fire; that approximately thirty percent of the amount of the inventory claim resulted from the defendant's using a higher gross profit margin on merchandise sold than the one he had used on the tax return; that the cash flow through the only two visible bank accounts maintained by the defendant had been insufficient to support (i) the volume of net purchases of merchandise which was employed in the calculations and (ii) the overhead expenses of the business; and that the gross sales figures employed in the calculations rested on cash register tapes which either did not exist or did not reflect the total sales. The essential evidence of an accounting nature was adequately explained and placed in proper perspective by the public insurance adjuster who had been employed by the defendant and who was an expert in his own right, as the defendant demonstrated by his cross examination of the witness. The relevant figures were set out on chalks which were sent out with the jury, who requested and were supplied with a calculator. 2. There was no objection to any aspect of the portion of the charge which was devoted to the indictment under § 111A. See Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979); *Commonwealth* v. *Fluker*, 377 Mass. 123, 130-131 (1979). There is no risk of a miscarriage of justice (see *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 [1967]) arising out of the absence of any instruction on the meaning of the word "material" as employed in that section because it is clear from the evidence and from the defendant's extensive requests for instructions that there was no question at trial as to the materiality of any misrepresentation the defendant might have made. Contrast *Commonwealth* v. *McDuffee*, 379 Mass. 353, 356-357, 360-366, 367 n.13 (1979). The judge was not requested nor could he have been required to charge with reference to any particular set of facts which could have been found by the jury. *Commonwealth* v. *Martorano*, 355 Mass. 790 (1969). *Commonwealth* v. *Amazeen*, 375 Mass. at 81-82.

*Judgment affirmed.*

*Donna L. Baron* for the defendant.

*Carmel A. J. Motherway*, Assistant District Attorney, for the Commonwealth.