COMMONWEALTH vs. ROBERT L. MACKENZIE, JR.

Worcester. April 3, 1978. — August 14, 1978.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Evidence*, Relevancy and materiality. *Burning of Property.*

At the trial of a defendant charged with wilfully and maliciously burning a motor vehicle belonging to his mother, the judge did not err in admitting testimony concerning damage to two private mailboxes in the vicinity where the defendant had been observed operating his automobile in an erratic manner since the testimony was relevant as bearing on the defendant's motive to burn the automobile to conceal the fact that he had damaged it by hitting the mailboxes. [149]

Evidence at the trial of a defendant charged with wilfully and maliciously burning a motor vehicle belonging to his mother from which the jury could infer that the defendant had been driving the burning vehicle when it left a gas station and that the defendant had both the opportunity and a motive for the crime was sufficient to warrant submission of the case to the jury. [149–150]

COMPLAINT received and sworn to in the First District Court of Eastern Worcester on April 26, 1976.

The case was tried in the Central District Court of Worcester before *George, J.*

*Andrew L. Mandell* for the defendant.

*Kevin J. Riordan,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted by a jury of six of wilfully and maliciously burning a motor vehicle (G. L. c. 266, § 5) belonging to his mother. Before us, he challenges the admissibility of certain evidence and the denial of his motion for a directed verdict presented at the close of the Commonwealth's case.

We summarize the significant evidence. At 2:15 A.M. on March 21, 1976, the defendant was seen in Northborough driving a Matador automobile owned by his mother. Earlier that morning the defendant had operated a motor vehicle at the corner of Lincoln Street and Route 20, squealing the tires as he came around the corner and swerving back and forth. One LeClair was a passenger in the car. Over the defendant's objection, the judge admitted evidence that on that day, between 2 A.M. and 6 A.M., two private mailboxes at Lincoln Street and Route 20 in Northborough had been pushed over. About 4 A.M. a police officer saw a Matador, engulfed in smoke, leave a gas station, one-half mile from the mailboxes. Minutes later he saw two men walking from where the vehicle had stopped. He did not recognize one of them, but he recognized the other as LeClair, who about a half-hour earlier had entered a Matador driven by the defendant in the direction of the gas station. Shortly after 7 A.M., the defendant's father reported to the police that "their" Matador had been stolen sometime after 1 A.M. The Matador sustained significant fire damage; the inside of its windows were blackened; the seats charred; and the dashboard, steering wheel, and mirror were melted. In addition, the right side of the Matador was pushed in and the tires on the right side were flat, but the ignition was intact.

1. Given this evidence, the testimony concerning the damaged mailboxes was relevant as bearing on the defendant's possible motive to burn the Matador in order to conceal the fact that he had damaged his mother's automobile by hitting the mailboxes. See *Commonwealth* v. *Ellis,* 373 Mass. 1, 8-9 (1977); *Commonwealth* v. *Johnson,* 352 Mass. 311, 320-321 (1967), cert. dismissed, 390 U.S. 511 (1968).

2. The defendant's motion for a directed verdict was properly denied. A motion for a directed verdict in a criminal case should not be allowed when the evidence most favorable to the Commonwealth is sufficient to war-

rant a finding that the defendant is guilty. See *Commonwealth* v. *Clifford,* 374 Mass. 293, 296 (1978), and cases cited. Here there was such evidence. A policeman observed two men walking from where the burning Matador had been left. He recognized one as LeClair, and LeClair had been seen about a half-hour before in a Matador driven by the defendant. The jury could reasonably infer that the defendant had been driving the burning vehicle when it left the gas station, and that he had been the unidentified man seen walking from the burning Matador. See *Commonwealth* v. *Chase,* 372 Mass. 736, 752 (1977); *Commonwealth* v. *Rand,* 363 Mass. 554, 561-562 (1973); *Commonwealth* v. *Murphy,* 1 Mass. App. Ct. 71, 75-76 (1973). The Commonwealth presented evidence of a plausible motive for the crime, and the jury could have found that the defendant had the opportunity to burn the Matador. See *Commonwealth* v. *Rand, supra* at 562. The fact that the automobile's ignition was found intact suggested that the operator of the Matador had keys to it, and the jury could have found that the defendant had a set of keys to the vehicle.

The jury could also have found that the defendant set the fire wilfully and maliciously in that the defendant drove the burning Matador from the gas station and abandoned it, making no effort to extinguish or report the fire. The jury were entitled to consider that conduct as evidence of the defendant's intent. *Commonwealth* v. *Vellucci,* 284 Mass. 443, 445-446 (1933). *Commonwealth* v. *Cali,* 247 Mass. 20, 24-25 (1923). The case of *Commonwealth* v. *Shea,* 324 Mass. 710 (1949), on which the defendant relies, is distinguishable for reasons stated in *Commonwealth* v. *Rand,* 363 Mass. 554, 561-562 (1973).

*Judgment affirmed.*