■ B. K. INDUSTRIES, INC., Respondent, v STEVEN G. PINKS et al., Appellants.—In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), entered March 3, 1988, which denied their motion for an order of preclusion pursuant to CPLR 3042.

Ordered that the order is modified, on the law, by adding a provision that the defendants' motion is denied on condition that the plaintiff serves an amended bill of particulars upon the defendants responding to paragraphs 4, 5 and 6 of the demand dated June 19, 1987, and in the event that condition is not complied with the motion is granted; as so modified, the order is affirmed, with costs to the defendants; and it is further,

Ordered that the plaintiff's time to serve the amended bill of particulars upon the defendants is extended until 30 days from the service upon it of a copy of this decision and order, with notice of entry.

In December 1983 a criminal prosecution was commenced in the District Court, Suffolk County, charging the plaintiff in the instant action with the unlawful discharge of pollutants (see, ECL 17-0501, 17-0701 [1] [a]). The plaintiff in turn retained the defendant law firm to represent it in that matter. Subsequently the defendant law firm made several court

appearances on the plaintiff's behalf and engaged in plea negotiations with the Suffolk County District Attorney's office.

On May 29, 1984, no one from the defendant law firm appeared in court for a scheduled appearance in the criminal proceeding and a judgment of conviction on two misdemeanor charges was entered by Suffolk County District Court Judge John Carroll against the plaintiff by default. The plaintiff was sentenced to pay a fine in the amount of $50,000. The fine was later converted into a civil judgment which was entered against the plaintiff.

Thereafter, in an attempt to rectify the situation, the plaintiff retained different counsel who unsuccessfully moved to vacate the default judgment. Appeal of the denial of the motion to vacate was dismissed and the appeal of the order which granted the People's motion to enter judgment against the plaintiff resulted in an affirmance (see, People v B. K. Indus., NYLJ, Jan. 15, 1988, at 17, col 4).

The plaintiff commenced the instant action against the defendant law firm seeking damages for negligent representation in the criminal proceeding. In response, the defendants served an answer and a demand for a bill of particulars seeking, inter alia, the following information:

"4. Set forth whether defendant [sic] was guilty or innocent of violating §§ 17-0501 and 17-0701 (1) (a) of the New York State Environmental Conservation Law.

"5. Set forth whether plaintiff claims that, but for the acts or omissions of the defendants, the plaintiff would not have been convicted of violating §§ 17-0501 and 17-0701 (1) (a) of the New York State Environmental Conservation Law.

"6. If plaintiff claims it would not have been convicted of §§ 17-0501 and 17-0701 (1) (a) of the New York State Environmental Conservation Law but for the negligence of the defendants, set forth the facts underlying the basis of said claim."

The plaintiff refused to comply with the demand claiming that it did not bear the burden of proving its innocence of the underlying criminal charges. Based upon the plaintiff's refusal to supply the requested information, the defendants moved pursuant to CPLR 3042 for an order precluding the plaintiff from introducing at trial any testimony or evidence related to the information sought. The court denied the motion concluding that, based upon the record, the plaintiff did not bear the burden of proving its innocence of the criminal charges as part of its prima facie case. We disagree.

As the Court of Appeals has recently held in Carmel v

*Lunney* (70 NY2d 169, 173): "[t]o state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense *(see, Claudio v Heller,* 119 Misc 2d 432), for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie". Recognizing that traditionally a "but for" test of causation has been applied in legal malpractice actions, the Court of Appeals saw the need to depart somewhat from this test when the malpractice is alleged to have arisen during the course of a criminal proceeding. "To be sure, a defendant in a criminal proceeding might be able to prove malpractice by establishing that but for the negligent representation he would, for example, have invoked his 5th Amendment rights, or succeeded in suppressing certain evidence conclusive of his guilt. But, because he cannot assert his innocence, public policy prevents maintenance of a malpractice action against his attorney" *(Carmel v Lunney, supra,* at 173).

Accordingly, the burden of proving innocence lies with the plaintiff herein, and therefore the defendants are entitled to the information requested in paragraphs 4, 5, and 6 of their demand *(see,* Siegel, NY Prac § 238). However, we decline to impose the harsh sanction of an order of preclusion and hereby give the plaintiff one final opportunity to provide the defendants with that information *(see,* CPLR 3042 [e]). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.