Lopez, J.
On June 8, 1994, plaintiff Brendan M. McGuiness (“McGuiness”) brought suit against defendant Committee for Public Services, Inc. (“CPES”), and defendant Beverly J. Cannone for legal malpractice. McGuiness now moves for summary judgment on his claim against Attorney Cannone.[2] Attorney Cannone opposes the motion, and has filed a motion to dismiss. For the reasons set forth below, plaintiffs motion is denied, and summary judgment is granted in favor of defendant Cannone.
BACKGROUND
The record in this case includes the following undisputed facts. On June 26, 1990, McGuiness pled guilty to a charge of armed robbery and was sentenced (per Sheehan, J.) to twenty years at M.C.I. Concord. At the time of sentencing, Judge Sheehan stated that he would consider a motion to revise and revoke when McGuiness had served two years of his sentence. Judge Sheehan further stated that he would deny the motion if McGuiness had any disciplinary problems during his incarceration. Pursuant to the court’s request, Attorney Cannone filed the motion to revise and revoke on August 23, 1990.
On April 2, 1992, McGuiness filed a Petition for Writ of Habeas Corpus, without Attorney Cannone’s in *86 volvement. On June 29, 1994, Judge Sheehan allowed the motion to revise and revoke.
Upon learning of the ruling, the Commonwealth filed a motion for reconsideration on the grounds that McGuiness had received approximately forty disciplinary reports, which had resulted in his eventual transfer to M.C.I. Cedar Junction. These reports had not previously been brought to Judge Sheehan’s attention.
On July 20, 1992, Judge Sheehan vacated the motion to revise and revoke, pending a hearing on the Commonwealth’s motion for reconsideration. Attorney Cannone represented McGuiness at that hearing on July 28, 1992. At McGuiness’s request, Attorney Can-none asked the court to revise the sentence. The basis for this request was that if McGuiness had understood the possibility to going to Cedar Junction on the original Concord sentence, he would have pled guilty to a lesser Cedar Junction sentence in the first place. Judge Sheehan responded to this argument by stating that he would not have sent McGuiness to Cedar Junction, due to his age, regardless of any such plea.
On July 29, 1992, Judge Sheehan allowed the motion to reconsider and vacated his order to revise and revoke. A second hearing on McGuiness’s motion to revise and revoke was held on December 17, 1992, and the motion was denied.
In addition to pursuing post-conviction relief, Mc-Guiness has brought this suit against Attorney Can-none alleging legal malpractice, and violation of his federal and state constitutional rights. The gist of McGuiness’s malpractice claim is that the Judge impermissibly considered post-incarceration conduct in deciding the motion to revise and revoke, and Attorney Cannone was negligent in not objecting to its consideration. McGuiness has not alleged that he was innocent of the crime. McGuiness’s constitutional claims are that Attorney Cannone’s alleged malpractice violated his rights under the 6th and 14th Amendments of the United States Constitution, and Article 12 of the Massachusetts Declaration of Rights.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). When appropriate, summary judgment may be rendered against the moving party. Thattil v. Dominican Sisters of Charity of the Presentation of the Blessed Virgin, Inc., 415 Mass. 381 (1993); Mass.R.Civ.P. 56(c).
I. Legal Malpractice
A former criminal defendant who brings a malpractice claim against his former defense counsel must prove his innocence of the crime charged as an element of his case. Glenn v. Aiken, 409 Mass. 699 (1991). As the Supreme Judicial Court noted in Glenn, there are important policy reasons for placing a greater burden on a guiliy criminal defendant than is placed on a wronged civil defendant in a malpractice case. A guilty criminal defendant should not be rewarded indirectly for his crime. Glenn, supra at 707. Furthermore, the public has a strong interest in representation of indigent criminal defendants, and such a rule encourages that representation by reducing the risk that malpractice claims will be successfully asserted. Id. at 708.
In the instant case, McGuiness has not alleged his innocence in the underlying criminal case. Instead, McGuiness argues that the court in Glenn recognized an exception to the rule of proving innocence when malpractice occurs in the sentencing phase of the proceedings. We do not read Glenn to state such an exception. The policy reasons for requiring proof of innocence would appear to apply equally to all aspects of the proceedings.
As McGuiness has not demonstrated that proof of an essential element of his case is likely to be forthcoming at trial, summary judgment is appropriate as to this claim.
II. Constitutional Claims
McGuiness has also brought claims against Attorney Cannone for violation of his rights under the 6th and 14th Amendments of the United States Constitution, and Article 12 of the Massachusetts Declaration of Rights.
To maintain a civil action for damages for violation of his federal constitutional rights, McGuiness would have to bring a viable claim under 42 U.S.C. §1983. However, §1983 is applicable only to actions taken under color of state law. A “public defender does not act under color of state law when performing a lawyer’s *87 traditional functions as counsel to a defendant in a criminal proceeding.” Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, McGuiness has no claim against Attorney Cannone under §1983.
McGuiness also claims that Attorney Cannone’s alleged malpractice violated his rights under Article 12 of the Massachusetts Declaration of Rights. G.L.c. 12, §11H and §111 provide a cause of action for such a claim. However, McGuiness would have to allege that Attorney Cannone interfered with, or attempted to interfere with, his rights “by threats, intimidation, or coercion.” See Sena v. Commonwealth, 417 Mass. 250, 262(1994). McGuiness does not allege any such action on Attorney Cannone’s part, therefore summary judgment is also appropriate as to this claim.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment be DENIED It is further ORDERED that summary judgment enter for defendant Cannone on-all counts.

McGuiness has withdrawn his claim against CPCS and is now suing only Attorney Cannone.