Houston, J.
This action involves a summary process action brought in the Newton District Court in July of 1993. On July 29, 1993, the parties entered into a settlement agreement, approved by retired District Court Judge Arlyne Hassett.
Plaintiff tenant Karen Weisberg now claims that she did not make a knowing and intelligent waiver of certain consumer claims. She also contends that tenant rights law voids certain waivers made in the settlement agreement. Further, plaintiff challenges the procedure by which an assistant clerk-magistrate of the Newton District Court, Ronald Petralia, issued an Execution for Possession as violative of G.L.c. 239, §10. And, plaintiff claims that defendant lessor Robert Lupo violated G.L.c. 239, §3 by levying on the Execution after plaintiff satisfied the money judgment.
Defendant requests that this court, pursuant to Rule 1 of the Uniform Rules of Subpoenas to Court Officials, approve subpoenas for trial upon Judge Hassett and Ronald Petralia. Plaintiff opposes defendant’s motion, requesting that the court allow her motion in limine and exclude any testimony by Judge Hassett and Mr. Petralia.
DISCUSSION
Rule 1 of the Uniform Rules of Subpoenas to Court Officials provides in relevant part:
A subpoena to compel a justice or magistrate of the Trial Court to testify concerning actions taken in her or his official capacity shall not be served without prior approval of the Court in which the underlying action is pending. The party shall seek the necessary order of approval by written motion which shall specify the purposes(s) for which the testimony is sought.
Defendant claims the testimony of Judge Hassett is relevant to the issue of whether the settlement agreement is fair and whether plaintiff made a knowing and intelligent waiver of certain claims. Defendant also states that Judge Hassett’s testimony will help the jury to understand how courts consider and safeguard settlement agreements.
The court finds that all of defendant’s stated purposes can be accomplished through introduction of the settlement agreement and testimony of the parties, making Judge Hassett’s testimony unnecessary. Further, it is improper to probe the mental processes of Judge Hassett. See Glenn v. Aiken, 409 Mass. 699, 703-04 (1991).
Defendant claims the testimony of Mr. Petralia is necessary to show that Mr. Petralia followed standard *250 procedure in issuing the Execution for Possession and to show that defendant acted in an appropriate and customary way in levying on the Execution. Defendant seeks to use this testimony to refute plaintiffs claim that defendant violated G.L.c. 239, §3.
The court notes that even a “standard” procedure can be unlawful. That Mr. Petralia followed the standard practice does not make the practice lawful. However, by testifying as to the procedure followed, Mr. Petralia may shed light on whether the procedure comports with G.L.c. 239, §10. Even so, the court finds that Mr. Petralia’s testimony is irrelevant as to whether defendant violated G.L.c. 239, §3.
Accordingly, a subpoena to Judge Hassett will not issue. A subpoena to Ronald Petralia will issue. Mr. Petralia testimony will be limited to the procedure he followed in issuing an Execution for Possession.
ORDER
1. Defendant’s motion for issuance of subpoenas to court officials is DENIED as to retired District Court Judge Arlyne Hassett .
2. Defendant’s motion for issuance of subpoenas to court officials is ALLOWED as to assistant clerk-magistrate Ronald Petralia.
3. Plaintiffs motion in limine to exclude any testimony by retired District Court Judge Arlyne Hassett is ALLOWED.
4. Plaintiffs motion in limine to exclude any testimony by assistant clerk-magistrate Ronald Petralia is DENIED.
5. Testimony by Mr. Petralia is limited to the procedure he followed in issuing the Execution for Possession.