81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Scott W. HOLLAND, Plaintiff, Appellant,
v.
DWYER, COLLORA & GERTNER, et al., Defendants, Appellees.
 No. 95-1632.
 United States Court of Appeals, First Circuit.
 March 29, 1996.
 
 Scott W. Holland on brief pro se.
 David J. Hatem, Lynn A. LaBanca and Burns & Levinson on brief for appellees.
 Before TORRUELLA, Chief Judge, SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 We affirm the judgment substantially for the reasons recited by the district court in its decision dated May 1, 1995, adding only the following. Plaintiff's guilt with respect to his underlying drug conviction is not in doubt. Accordingly, a prerequisite to any recovery for legal malpractice is proof that counsel committed "clear negligence whose causal connection to the conviction is clear," Glenn v. Aiken, 409 Mass. 699, 705 (1991)--not proof of negligence having a "casual" connection thereto, as plaintiff suggests. The tactical decision to move for dismissal prior to trial, as the district court explained, fails to satisfy this standard. In turn, the contention that defendants were obligated to prepare for and/or to conduct the trial is belied by plaintiff's insistence on proceeding pro se--to the point of spurning all offers of assistance from standby counsel during the trial itself. See, e.g., United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir.1989) (right to counsel and right to self-representation are "mutually exclusive"). Plaintiff's argument that the Glenn standard is inapplicable to pretrial proceedings likewise proves unavailing. See, e.g., Peeler v. Luce, 909 S.W.2d 494 (Tex.1995).
 
 
 2
 Affirmed. See Loc. R. 27.1.
 
 
 3
 ---------------
 
 
 
 * Of the District of Maine, sitting by designation.