USCA1 Opinion

 

 March 29, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1632 SCOTT W. HOLLAND, Plaintiff, Appellant, v. DWYER, COLLORA & GERTNER, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. D. Brock Hornby,* U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Scott W. Holland on brief pro se. ________________ David J. Hatem, Lynn A. LaBanca and Burns & Levinson on brief for ______________ _______________ _________________ appellees. ____________________ ____________________  ______________________________ *Of the District of Maine, sitting by designation. Per Curiam. We affirm the judgment substantially for __________ the reasons recited by the district court in its decision dated May 1, 1995, adding only the following. Plaintiff's guilt with respect to his underlying drug conviction is not in doubt. Accordingly, a prerequisite to any recovery for legal malpractice is proof that counsel committed "clear negligence whose causal connection to the conviction is clear," Glenn v. Aiken, 409 Mass. 699, 705 (1991)--not proof _____ _____ of negligence having a "casual" connection thereto, as plaintiff suggests. The tactical decision to move for dismissal prior to trial, as the district court explained, fails to satisfy this standard. In turn, the contention that defendants were obligated to prepare for and/or to conduct the trial is belied by plaintiff's insistence on proceeding pro se--to the point of spurning all offers of assistance from standby counsel during the trial itself. See, e.g., ___ ____ United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989) ______________ ______ (right to counsel and right to self-representation are "mutually exclusive"). Plaintiff's argument that the Glenn _____ standard is inapplicable to pretrial proceedings likewise proves unavailing. See, e.g., Peeler v. Luce, 909 S.W.2d 494 ___ ____ ______ ____ (Tex. 1995).  Affirmed. See Loc. R. 27.1. ____________________________ -2-