Agnes, Peter W., J.
1. The Defendants move for summary judgment and dismissal of complaints by Plaintiff alleging legal malpractice and negligence of duty (Count I); breach of contract (Count II); unfair and deceptive business practices (Count III); fraudulent misrepresentations (Count IV); reckless or negligent infliction of emotional distress (CountV); libel and slander (Count VI); and partnership by estoppel (Count VII).
2. All parties have agreed to a Stipulation of Dismissal of Count V and Count VI of the complaint.
3. The following facts are drawn from the record before the court and do not appear to be in dispute. The plaintiff Kevin Norris is currently serving a sentence of 25-40 years for a 1992 conviction of aggravated rape, and a concurrent sentence for conviction of armed robbery, breaking and entering, and assault and battery with a dangerous weapon.
4. At his criminal trial, no DNA evidence was available or presented. However physical evidence included a soiled towel which the victim claimed was used by her rapist to wipe ejaculate off of her stomach was introduced into evidence. Although no DNA analysis was performed on this towel stain, it was determined and the jury was made aware that one area of the towel contained semen, and that there were blood group substances on the towel which did not appear to be a match to Kevin Norris.
5. Kevin Norris appealed his conviction, but the appeal was denied by the Appeals Court. A motion for a new trial was filed on October 22, 1999, prior to the involvement of Attorney Sandra Bloomenthal. The Appeals Court denied this motion for a new trial which was based on ineffectiveness of counsel in failing to seek DNA testing of certain physical evidence. The court in its memorandum and order stated that the motion for a new trial was denied in part because the issue of DNA testing could have been raised and adjudicated on direct appeal of the conviction. In this same memorandum, the court cites the “overwhelming evidence of the defendant’s guilt.”
6. Kevin Norris subsequently filed a motion for DNA testing of evidence, which was allowed. This testing revealed that DNA found on a condom matches the DNA profile of Kevin Norris, but Kevin Norris was excluded as the source of semen found on the towel stain.
7. In December of 2001, Sandra Bloomenthal offered to represent Kevin Norris in filing a motion for a new trial, based on the new DNA evidence. Ms. Bloomenthal initially requested a $5,000 retainer. Kevin Norris claims that the agreement was for Ms. Bloomenthal to also represent him in any subsequent appeal, and in an action to appeal his sentence. However, Mr. Norris asked if the retainer could be reduced to $2,500. In January of 2002,-both parties signed an agreement in which it was stated that Sandra Bloomenthal “will agree to accept $2,500 as a fee fro (sic) the Motion for a new trial.”
8. The Rule 30 Motion for a New Trial filed on behalf of Norris by Attorney Bloomenthal did include sworn and signed affidavits, from the attorney who represented Norris in his criminal trial, in which he states that he believes that the sentence received by Mr. Norris was excessive, and stating that he believes it possible that he never received reports from crime laboratoiy reports regarding physical evidence from the “rape kit.” The motion also included a copy of the DNA report.
9. On Jan 10, 2003 the Superior Court ruled that the Motion for post-conviction relief (a new trial, based on newly discovered evidence) with affidavit was denied without a hearing. The court stated as grounds for the denial that evidence regarding the towel was presented at trial, and indicated the source could be anyone of three people.
*733 10. On Jan 15, 2003 Sandra Bloomenthal prepared a document notifying Norris that the motion for a new trial was denied, and informing him that she had requested that appellate counsel be appointed, given his financial situation.
11. Kevin Norris was able to appeal the denial of the Rule 30 motion made by Sandra Bloomenthal, and was represented at no charge by an attorney from the Committee for Public Counsel Services.
12. On April 29, 2004 the Appeals Court issued a memorandum and order in which it described a total of three motions for a new trial for Kevin Norris. The memorandum describes review of the second and third motion, and the court concluded that the motion judge correctly denied these motions.

RULINGS OF LAW

13. When a moving party can establish that there is no genuine issue as to any material fact which rises to a triable level, the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56. In a motion for summary judgment, the moving party has the burden of providing sufficient evidence through pleadings, depositions, affidavits, interrogatories, and admissions to demonstrate the absence of a genuine issue of fact which rises to a triable level. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Pederson v Time, Inc., 404 Mass. 14, 17 (1989). When the moving party has established the absence of a triable issue of fact, summary judgment must be granted, unless the non-moving parly is able to “set forth specific facts which establish there is a genuine issue for trial.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 741 (1991) citing Mass.R.Civ.P. 56(e).
14. The defendants in this case have demonstrated that there are no disputed material facts. The plaintiff in this case has failed to provide any evidence of disputed material facts sufficient to defeat the motion for summary judgment with regard to the claim that the representation provided by Sandra Bloomenthal was negligent or that it constitutes legal malpractice. “The standard of care owed by an attorney to a criminal defendant is that he possess and exercise a reasonable degree of care and skill in the performance of his duties.” Glenn v. Aiken, 409 Mass. 699, 709 (1991). Although the plaintiff disagrees with the legal tactics used by the defendant, there is no evidence that the standard of care provided was less than reasonable. The motion for a new trial prepared by Sandra Bloomenthal was properly filed, and did include an affidavit, as required by Superior Court Rule 9(A). In addition, the motion included documentation of new evidence to support the motion.
15. Massachusetts courts require that in a criminal case, “A former criminal defendant who brings a malpractice claim against his former defense counsel must prove his innocence of the crime charged as an element of his case.” Glenn v. Aiken, 409 Mass. 699 (1991). While there is no ruling directly relating this law to post-conviction actions, the reasoning in Glenn v. Aiken supports application of this rule to such actions. The Supreme Judicial Court in Glenn reasoned that important policy reasons place a greater burden on a criminal defendant claiming legal malpractice than is placed on a civil defendant. Primarily, the court found that “a guilty criminal defendant should not be rewarded indirectly for his crime.” Id. at 707. Furthermore, the public has a strong interest in representation of indigent criminal defendants, and such a rule encourages that representation by reducing the risk that malpractice claims will be successfully asserted. Id. at 708. Furthermore, the Supreme Judicial Court in a legal malpractice case involving the actions of a criminal defense lawyer in a motion to revise sentencing applied the standards established in Glenn, stating that, “The policy reasons for requiring proof of innocence would appear to apply equally to all aspects of the proceedings.” McGuiness v. Committee for Public Counsel Services, 3 Mass.L.Rptr. 85, 1994 WL 878928 (Mass Superior Court 1994).
16. A fair reading of the material in the record before the court on the motion for summary judgment is that the contract between Sandra Bloomenthal and Kevin Norris was limited to an agreement that Ms. Bloomenthal would represent the plaintiff in a motion for a new trial. The evidence indicates that she performed that service, as the motion was prepared, filed and acted upon by the court. Although the court denied the motion there is no indication that the denial was based upon an improper filing. The fact that the motion was denied is not grounds for a breach of contract claim.
17. The plaintiff in this action has presented no specific credible evidence to support the claims of unfair and deceptive business practices, and fraudulent misrepresentations. Mr. Norris makes unsubstantiated allegations regarding the motives of Ms. Bloomenthal in support of these claims. The courts have established that it is not enough for the non-moving party to rely on general denials in opposition to the motion for summary judgment. Community National Bank v. Dawes, 369 Mass. 550 (1976).
There are no material facts in dispute sufficient to support Counts I, II, III, IV and VII of the complaint. I further find that in his opposition, the plaintiff has not met the burden required of him as the non-moving party, in that he has failed to establish by admissible evidence specific facts in dispute to support his opposition to the motion for summary judgment.
18. As the evidence supports a finding in favor of defendant Sandra Bloomenthal, the claims against her law firm Bloomenthal & Bloomenthal must also be dismissed.

ORDER

For the above reasons, the defendants’ motion for summary judgment is ALLOWED.