NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1362

RICHARD DIBIASIO

vs.

WILLIAM BARABINO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The pro se plaintiff, Richard DiBiasio, appeals from a judgment of the Superior Court dismissing his amended complaint against the defendant, William Barabino, for failure to state a claim. Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). For substantially the reasons stated by the judge in her memorandum of decision and order, we affirm.

We review the dismissal of a "complaint de novo, taking as true the factual allegations set forth therein and drawing all inferences in [the plaintiff's] favor." Maling v. Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 473 Mass. 336, 339 (2015), citing Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). "[W]e look beyond conclusory allegations in

the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief." Curtis, supra, citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008). "[W]e do not accept legal conclusions cast in the form of factual allegations." Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).

The plaintiff was the defendant in a criminal case scheduled for trial in early February 2020. After his counsel withdrew in mid-January the plaintiff retained the defendant as standby counsel (the defendant declined to appear as trial counsel due to insufficient preparation time). The plaintiff instructed the defendant to seek a continuance of the trial date so the plaintiff could retain counsel who had adequate time to prepare to defend him. If no continuance was granted, the defendant was to "seek the previously offered Continuance Without a Finding disposition." The defendant did not file a motion to continue or -- so far as appears in our record -- request a continuance without a finding.

The plaintiff alleges that during the pretrial hearing, the defendant advised him that he could face a five-year sentence if he proceeded to trial and that the judge might not credit the plaintiff's criminal responsibility defense; according to the plaintiff, the defendant presented this as a choice to "drink poison or get shot tomorrow." After a full colloquy, the

2

plaintiff pleaded guilty to stalking, criminal harassment, and threatening to commit a crime.  He later filed two motions to withdraw his guilty pleas; the motions were denied, and those denials were upheld on appeal.  See Commonwealth v. DiBiasio, 101 Mass. App. Ct. 1108 (2022), S.C., 103 Mass App. Ct. 1115 (2023).  The plaintiff's claims that his pleas were involuntary were not supported by an affidavit from the defendant.

The plaintiff then filed this action, alleging negligence, negligent and intentional infliction of emotional distress, and breach of contract based on the defendant's failures to (1) move for a continuance, and (2) provide an affidavit to support the plaintiff's motions to withdraw the pleas.  The defendant moved to dismiss the case for failure to state a claim, and, in a thorough, written decision, a judge of the Superior Court (motion judge) allowed the motion.[1]

---

[1] The plaintiff maintains that the motion judge erred by not reviewing all the attachments to the amended complaint, citing the fact that the decision mentions only three attachments.  We are not persuaded.  It is apparent from the decision that the judge correctly understood the scope of her review; by citing three attachments, she did not signal that her review was limited to those attachments.  As the motion judge correctly noted, when considering a motion to dismiss pursuant to rule 12 (b) (6), a judge is ordinarily limited to the four corners of the complaint but may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" (citation omitted).  Reliance Ins. Co. v. Boston, 71 Mass. App. Ct. 550, 555 (2008).

3

Negligence, negligent infliction of emotional distress, and breach of contract. A plaintiff seeking to prevail on a legal malpractice claim must prove: "(a) an attorney-client relationship; out of which arose (b) a duty to exercise a reasonable degree of care and skill in the performance of [the attorney's] legal duties; (c) a violation of that duty; and (d) reasonably foreseeable loss [or damages] caused by [the attorney's] negligence" (quotations and citations omitted). Correia v. Fagan, 452 Mass. 120, 127 (2008).

The plaintiff's claim is a legal malpractice claim. These counts allege that the defendant, while representing the plaintiff as standby counsel, caused the plaintiff's damages by failing to move for a continuance. See Earley v. Slavin, 101 Mass. App. Ct. 198, 201-202 (2022) (substance of allegations, not form, determine whether claim sounds in malpractice or contract). See also Hendrickson v. Sears, 365 Mass. 83, 86 (1974) ("The traditional view of an action for damages resulting from the negligence of an attorney is that the gist of the action, regardless of its form, is the attorney's breach of contract").

When a legal-malpractice plaintiff is a former criminal defendant claiming that his defense attorney "negligently defended the plaintiff against a criminal charge," the plaintiff "must prove by a preponderance of the evidence, not only that

4

the negligence of the attorney defendant caused [the plaintiff] harm, but also that [the plaintiff] is innocent of the crime charged."  Correia, 452 Mass. at 127, quoting Glenn v. Aiken, 409 Mass. 699, 707 (1991).  "[B]ecause a malpractice claimant must allege his innocence of the underlying crime, an outstanding guilty plea to that offense bars the claimant's action for malpractice against his former attorney."  Labovitz v. Feinberg, 47 Mass. App. Ct. 306, 311 (1999).

We agree with the motion judge's conclusion that Labovitz controls here.  Here, as in Labovitz, the plaintiff's guilty pleas were voluntary and have not been vacated.  See Labovitz, 47 Mass. App. Ct. at 308 (allegations that plea was involuntary were "contradicted by the admissions made by [the plaintiff] under oath during his plea colloquy").  The plaintiff's legal malpractice claim is foreclosed by this fact.  Id. at 314 (successful motion to withdraw guilty plea is "a predicate to a legal malpractice action").

We perceive no "unusual circumstance" that warrants an exception to this rule.  See Labovitz, 47 Mass. App. Ct. at 312 & n.10.  The defendant's failure to move for a continuance did not cause the plaintiff to serve "a longer sentence than he otherwise would have served," and was not akin to the "failure to communicate an earlier more favorable bargain offer."  Id. at n.10.  The motion judge properly dismissed these counts.

5

Intentional infliction of emotional distress.  To state a claim for intentional infliction of emotional distress, "a plaintiff must show (1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress."  Sena v. Commonwealth, 417 Mass. 250, 263-264 (1994), citing Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976).  "Liability cannot be predicated upon 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities'" (citation omitted).  Polay v. McMahon, 468 Mass. 379, 385 (2014).  "To be considered extreme and outrageous, the defendant's conduct must be 'beyond all bounds of decency and . . . utterly intolerable in a civilized community.'"  Sena, supra at 264, quoting Agis, supra at 145.  A judge may grant a motion to dismiss where the conduct alleged in the complaint does not rise to this level.  Polay, supra at 386.

Here, the plaintiff alleged the defendant was not "forthcoming" with the plaintiff's subsequent counsel; he also alleged that the defendant refused to provide an affidavit about the advice given during the plea hearing and lied about the judge's forcing the plaintiff to act pro se, which prejudiced the plaintiff's efforts to withdraw his guilty pleas.  These

6

allegations "did not approach the abuse of ordinary decencies to be found in <u>George</u> v. <u>Jordan Marsh Co</u>., 359 Mass. 244 (1971) (extreme dunning tactics), <u>Agis</u> (public humiliation), or [<u>Boyle</u> v.] <u>Wenk</u>, [378 Mass. 592, 594-595 (1979)] (persistent misbehavior by investigator)." <u>Richey</u> v. <u>American Auto. Ass'n</u>, 380 Mass. 835, 839 (1980). Cf. Polay, 468 Mass. at 386 (filing false police reports, verbal attacks, and surveilling the plaintiffs' home not "sufficiently extreme and outrageous conduct").

<u>Judgment affirmed</u>.

By the Court (Vuono, Singh & Hershfang, JJ.[2]),

Clerk

Entered: April 16, 2025.

---

[2] The panelists are listed in order of seniority.