# MARIETTA A. JERNIGAN & another[1] *vs.* DAVID J. GIARD, JR.

Hampshire. October 6, 1986. — December 3, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Negligence,* Attorney at law. *Attorney at Law,* Negligence. *Practice, Civil,* Presumptions and burden of proof, Instructions to jury, Failure to make objection.

At the trial of a negligence action against an attorney based on his failure to bring a motor vehicle tort action on the plaintiffs' behalf within the period of the statute of limitations, the judge did not err in instructing the jury that the plaintiffs had to prove that any judgment they might have obtained in the motor vehicle tort action would have been collectible at least to some degree. [723]

On appeal by the plaintiffs in a legal malpractice action this court declined to consider the plaintiffs' contention that, although in such cases the burden normally may be on a plaintiff to prove the probable collectibility of a judgment, the attorney's negligence had made proof of collectibility impossible, or at least more difficult, where no evidence at trial would have warranted such a conclusion, and where the plaintiffs had not asked the judge to put the collectibility question to the jury in this form. [723-724]

Those of the plaintiffs' objections to the judge's jury instructions in a legal malpractice case which were properly presented on appeal had not been preserved for appellate review either by requests for instructions or by objection to the charge. [724]

CIVIL ACTION commenced in the Superior Court Department on January 10, 1983.

The case was tried before *Elizabeth A. Porada,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard M. Howland* for the plaintiffs.
*Andrew T. Campoli* for the defendant.

---

[1] John A. Jernigan, Sr., individually and as administrator of the estate of D. Shane Jernigan.

WILKINS, J. We deal with a malpractice action against an attorney that arises out of the following underlying facts. D. Shane Jernigan, fifteen years old, died when a tractor trailer he was driving went off the New York State Thruway and overturned. Matuszko Farms Trucking, Inc. (Matuszko), an Amherst, Massachusetts, trucking firm, shipped a load of plywood to western New York from Amherst in a tractor trailer operated by Paul Siano, a Matuszko employee. Siano allowed the deceased to accompany him on that trip and, at the youth's urging, Siano permitted the unlicensed minor to operate the vehicle.

The deceased's father consulted the defendant attorney who made some investigation of the circumstances. He did not, however, bring an action against Siano or Matuszko within the period of the statute of limitations. One issue at trial was whether the attorney was negligent in not commencing such an action. A further question was whether there were or had been any funds, insurance, or other assets which would have been available to satisfy a judgment against Siano or Matuszko, or both. The solvency of the prospective defendants was relevant both to whether the attorney was negligent and whether the plaintiffs suffered any loss even if the attorney had been negligent.

The plaintiffs urged at trial and contend here that the uncollectibility of any judgment on the underlying claim was an issue on which the defendant attorney had the burden of proof. The issue is particularly important because there was evidence that Matuszko had insurance coverage on the tractor and trailer but no evidence of the nature of the coverage. Such evidence as there was suggested that the policy did not cover an operator of the tractor trailer. The judge instructed the jury that the burden was on the plaintiffs to establish that any judgment that probably would have been obtained on the plaintiffs' motor vehicle tort claims would have been collectible at least to some degree.

The judge gave the case to the jury on a special verdict. The jury answered that a judgment would have been obtained against Siano in the amount of $148,000 but that that judgment would have been uncollectible. They further concluded that

judgment would not have been obtained against Matuszko. They also decided that the attorney was not negligent.[2] Judgment was entered for the defendant. We took the plaintiffs' appeal on our own motion.

1. The judge was correct in instructing the jury that the plaintiffs had to prove that they could have collected something on any judgment they might have obtained in a motor vehicle tort action against Siano and Matuszko. This is the general rule in this country. See *Lally* v. *Kuster,* 177 Cal. 783, 787-788 (1918); *McDow* v. *Dixon,* 138 Ga. App. 338, 339 (1976); *Whiteaker* v. *State,* 382 N.W.2d 112, 115 (Iowa 1986); *Rorrer* v. *Cooke,* 313 N.C. 338, 361 (1985); *Vooth* v. *McEachen,* 181 N.Y. 28, 31-32 (1905); *Taylor Oil Co.* v. *Weisensee,* 334 N.W.2d 27, 29 (S.D. 1983); *Staples' Ex'ors* v. *Staples,* 85 Va. 76, 85 (1888). It makes sense because former clients suffer a loss due to an attorney's negligence only if that negligence is shown to have made a difference to the client. See Barry, Legal Malpractice in Massachusetts, 63 Mass. L. Rev. 15, 18-19 (1978). The plaintiff in such a case must prove "that he probably would have obtained a better result had the attorney exercised adequate skill and care." *Fishman* v. *Brooks,* 396 Mass. 643, 647 (1986).

At oral argument, the plaintiffs modified their position somewhat to assert that, although the burden may normally be on a plaintiff to prove the probable collectibility of a judgment, in this case the attorney's negligence made proof of collectibility impossible or at least more difficult. We would accept the concept that an attorney defending a malpractice action may not rely on the consequences of his own negligence to bar recovery against him. The problem here is that there was no evidence to warrant the conclusion that the attorney's negligence made proof of collectibility impossible or more difficult.

---

[2] This finding of no negligence might be thought to be dispositive of the case, making the issue of the collectibility of any judgment unimportant. The judge, however, instructed the jury (inappropriately mixing causation into a negligence question) that they should find the attorney negligent only if, among other things, they found that a judgment on an underlying claim would have been collectible.

Nor did the plaintiffs ask the judge to put the collectibility question to the jury in this form.

2. The plaintiffs challenge the judge's instructions in various respects. None of the points properly presented here was preserved for appellate review by requests for instructions or by objection to the charge. If there was a theory on which Matuszko might have been found liable other than that presented by the judge's charge (a rather tenuous possibility), the plaintiffs had an obligation to request an instruction consistent with that theory. The plaintiffs do not argue here that any of their filed requests for instructions should have been given and were not covered in other language by the judge's charge.

*Judgment affirmed.*