## DEERFIELD PLASTICS CO., INC. *vs*. THE HARTFORD INSURANCE COMPANY.

Franklin. December 7, 1988. — April 4, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Negligence*, Insurance company, Burden of proof. *Insurance*, Premiums, Workmen's compensation insurance. *Witness*, Expert.

In a civil action, where the plaintiff insured produced evidence that the defendant insurer had negligently investigated and settled an industrial accident claim filed by the insured's employee, the defendant had the burden of proving that the insured sustained no loss [485-486], or that the insurer had acted reasonably in making the settlement [486-487].

The defendant in a civil action demonstrated no prejudice from the admission in evidence of calculations by the plaintiff's expert that were based on figures and facts that were independently admissible. [488]

CIVIL ACTION commenced in the Superior Court Department on March 16, 1984.

The case was tried before *Charles R. Alberti*, J. .

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Donald A. Beaudry* for the defendant.

*Wendy Sibbison* for the plaintiff.

WILKINS, J. The plaintiff (Deerfield) sued the defendant (Hartford) to recover the amount of certain premium charges Deerfield had paid to Hartford under a standard workers' compensation insurance policy with a retrospective premium endorsement.

Deerfield's grievance is that Hartford negligently investigated, set a reserve for, and then settled an industrial accident claim made by one of Deerfield's employees with the result that Deerfield's premium obligations were substantially increased under the terms of the retrospective rating plan. After

a jury verdict, a judgment was entered in favor of Deerfield.[1] We transferred Hartford's appeal to this court on our own motion. We affirm.

Hartford makes no claim that the evidence did not warrant a finding that it failed to conduct a reasonable investigation before settling the workers' compensation claim by making a lump-sum payment. It argues, however, that it was entitled to a directed verdict because Deerfield had the burden of proving that the worker's claim probably would not have been compensable and Deerfield failed to present any evidence on the issue.

We agree that one issue is whether Deerfield sustained any loss as a result of Hartford's negligence. Once Deerfield showed that it had paid additional premium charges because of Hartford's payment of a claim that Hartford had negligently handled, the question then became which party had the burden of proof as to what position Deerfield might have been in if the claim had not been negligently investigated.[2]

In deciding whether Deerfield sustained any loss from Hartford's negligence, one would have to consider what settlement, if any, might reasonably have been made if the claim had been properly investigated. What might have resulted if the claim had been litigated before the Industrial Accident Board is not significant. See *Berke Moore Co.* v. *Lumbermens Mut. Casu-*

---

[1] The amount of the additional premium charges and how they were calculated is not in controversy except for an evidentiary question we pass on at the end of this opinion. Judgment was entered for Deerfield in the amount of $48,984.

[2] The parties proceed as though the only negligence in this case related to the settlement of the workers' compensation claim in May, 1983, and, for the purposes of analysis, we accept their approach. We note, however, that the premium charges Deerfield paid were in fact affected by the amount of the reserve ($25,725) Hartford placed on the claim after the claim was made in May, 1980. Deerfield paid the amount of the reserve to Hartford pursuant to the retrospective rating plan and its premium charges in three years were higher than they would otherwise have been because of the incurred loss represented by the reserve. The analysis of negligence should have involved both the making of the settlement and the fixing of the amount of the reserve.

Hartford makes no point of the fact that Deerfield voluntarily paid additional amounts charged under the retrospective rating plan and only later sought to recover those amounts.

*alty Co.*, 345 Mass. 66, 72 (1962) ("The pertinent question is whether the settlement was reasonable, and not what finding" the trier of fact would have made).[3]

We agree with Hartford that Deerfield has presented no evidence that would have warranted a jury determination that a reasonably prudent insurer who had properly investigated the claim would not have settled the claim for as much as $30,000.[4] We disagree with Hartford, however, with respect to its claim that the burden was on Deerfield to show that the settlement was higher than any reasonable settlement would have been.

Once Deerfield produced evidence that Hartford was negligent in its claim investigation and that Hartford paid out funds that, because of the retrospective rating plan, were in effect Deerfield's funds, Hartford had the burden of proving that Deerfield sustained no loss because of Hartford's negligent claim investigation. Hartford had the burden to prove that the amount of the settlement did not exceed the highest reasonable amount at which the claim would probably have been settled if the claim had been properly investigated. See *Fishman* v. *Brooks*, 396 Mass. 643, 647 n.1 (1986). Deerfield had no burden of proof on that question. Consequently, Hartford's argument that Deerfield has not raised a jury question on the loss it sustained from Hartford's negligence fails.

We view this as essentially a case to recover premium overpayments, and therefore as not different in principle from a

---

[3] Hartford argues by analogy to legal malpractice actions that Deerfield had to prove that it probably would have been successful before the Industrial Accident Board. See *Jernigan* v. *Giard*, 398 Mass. 722-723 (1986); *Fishman* v. *Brooks*, 396 Mass. 643, 647 (1986); *Colucci* v. *Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.*, 25 Mass. App. Ct. 107, 113 (1987). Deerfield points out that the cases on which Hartford relies involve persons who were or would have been plaintiffs or claimants in the underlying action. Deerfield contends that, where the person alleging negligent claim handling would have been the defendant in the underlying action (as it was in the workers' compensation matter), no burden of proving probable success in the underlying action is placed on such a person. The Appeals Court rightly so held in *Glidden* v. *Terranova*, 12 Mass. App. Ct. 597, 600 (1981). As we have said, the question here is the reasonableness of the settlement and, assuming the claim had some settlement value, the probable consequences of an Industrial Accident Board hearing are not important.

[4] At trial Deerfield granted that the worker's claim was not groundless.

case brought by an insurer to collect premiums. Hartford should not be allowed to retain the payments in issue unless it shows that it is entitled to them under its policy of insurance and that it has met its obligation, imposed by law, to act reasonably in making settlements where the money of the insured is involved. This is the view taken by other courts that have dealt with this question. See *Transit Casualty Co.* v. *Topeka Transp. Co.*, 8 Kan. App. 2d 597, 600-601 (1983); *Insurance Co. of N. Am.* v. *Binnings Constr. Co.*, 288 So. 2d 359, 361-362 (La. Ct. App. 1974); *Transport Indem. Co.* v. *Dahlen Transp. Inc.*, 281 Minn. 253, 257-258 (1968). These cases properly place on the insurance company the burden of proving that it acted reasonably, at least once the insured raises the question of the insurer's negligence.

In the seminal case, the Minnesota court said: "Because of the conflict of interest which is inherent in this arrangement, we believe, in the absence of any directly controlling precedent of which we are aware, that the right of the insurer to collect from the insured in the form of a retrospective premium amounts paid out by it as losses should be contingent upon proof by the insurer that the settlements so made were in good faith and reasonable. The insurer, having been charged with the responsibility for investigating and adjusting the loss, is in possession of the relevant information upon which a determination of reasonableness and good faith must be based. The insured, having delegated the right and duty of investigation and settlement to the insurer, and having agreed to pay the expense incurred in carrying out this assignment, has, by the terms of its insurance contract, put the information critical to the issue of reasonableness and good faith in the exclusive possession of the insurer." 281 Minn. at 257.[5] We adopt this analysis and conclude that Hartford was not entitled to a directed verdict.[6]

---

[5] We recognize that the conflict of interest in the Minnesota case was more intense than here because there the insurer was liable for losses in excess of $5,000 and thus there was an incentive on the insurer to settle cases with the insured's money at amounts less than $5,000.

[6] In *Insurance Co. of N. Am.* v. *Binnings Constr. Co., supra* at 361-362, the Louisiana court said that the insurer had the burden of proving the reason-

2. Hartford objects to the judge's failure to strike the testimony of an expert witness who testified on the difference in premium charges to Deerfield (1) with the disputed claim included in the experience rating calculations and (2) with that claim excluded. The expert relied on certain information supplied by a supervisor at the Northeastern Council on Compensation Insurance. We do not know what that information was because it was not marked for identification.

The calculation is a mathematical one that is based on data concerning Deerfield and its loss experience (all of which should not have been in dispute) to which certain established experience rating principles are applied. Hartford makes no claim here that the calculations are wrong. The parties should have stipulated to the effect of the inclusion or the exclusion of the disputed claim in calculating Deerfield's annual experience rating modifiers which, in turn, influenced Deerfield's annual premium obligations.

As far as we can tell, the expert made his calculations on the basis of facts that were independently admissible and were a permissible (indeed unavoidable) basis for his (or anyone else's) opinion. See *Department of Youth Servs.* v. *A Juvenile*, 398 Mass. 516, 531-532 (1986). Hartford has not demonstrated prejudicial error in the admission of the expert's testimony.

*Judgment affirmed.*

---

ableness of the settlements that it had made but was entitled to a presumption of reasonableness. The insured thus had the burden of going forward with some evidence to rebut the presumption. The court also noted that, if any settlement was unreasonably high, "the insurer would still be entitled to a premium based on what would be a reasonable figure. The insured has had the benefit of having its liability discharged and should pay the correct contract price." *Id.* at 362. Although we need not decide these matters, the logic of these views is sound.