Brassard, J.
Plaintiff Kristel Dahlstedt (“Dahlstedt”) brought this action against State Farm Mutual Automobile Insurance Company (“State Farm”) seeking a declaratory judgment that she is entitled to benefits under the underinsured automobile provisions of a State Farm insurance policy issued for a vehicle leased by her employer. Presently before the court is State Farm’s motion for summary judgment. For the reasons stated herein, State Farm’s motion for summary judgment is allowed.
BACKGROUND
The relevant undisputed facts[1] are as follows: Dahlstedt suffered personal injuries in an automobile accident on July 22, 1995. In the accident, a vehicle owned and operated by Lawrence Jackson struck, in the rear, a vehicle owned and operated by Kara Grove. Grove’s vehicle, in turn, struck Dahlstedt’s vehicle in the rear. The vehicle Dahlstedt occupied had been leased to her employer, Steve Backer Productions, Inc. (“Backer”).
*534 At the time of the accident, the vehicle was insured under a Massachusetts Business Auto Policy, policy number 19 4053-A03-21B (“the policy”). The named insured in the policy declarations was listed as follows:
NAMED INSURED AND ADDRESS
STEVE BACKER PRODUCTIONS
C/O KRISTEL DAHLSTEDT
11 DANA ST
BROOKLINE MA 02146-6803
Plaintiff Exhibit E. An endorsement which both parties submitted along with the original policy reads, ‘THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY. ADDITIONAL INSURED.” (Emphasis in original). The endorsement modified the policy to add the lessor as an insured. This endorsement identifies “Steve Backer Productions, Inc.” as the named insured and lists the address for the policy as “c/o Kristel Dahlstedt, 11 Dana Street, Brookline, MA 02146-6803.” The endorsement lists the lessor, Volvo Car Finance as an additional insured. Plaintiff Exhibit E, Defendant Exhibit B. The effective date for the endorsement is January 3, 1995, to January 3, 1996, so it was in effect at the time of the accident. The original policy was addressed to Steve Backer Productions in care of Kristel Dahlstedt and mailed to Dahlstedt’s home. The policy identified Brookline as the place where the vehicle would be garaged. The policy’s premium was based on a rate for vehicles garaged in Brookline, Massachusetts. The policy afforded underinsured motorist coverage of $100,000 per person and $300,000 per accident. The underinsured motorist coverage defines “who is insured” as follows:
1. Who is an insured.
a. You,[2] while “occupying” a covered “auto,” while “occupying" an “auto” you do not own, or if injured as a “pedestrian.”
b. If the form of your business under Item One of the declarations is shown as an individual, any “household member,” while “occupying” a covered “auto,” while “occupying” an auto not owned by you, or if injured as a “pedestrian."
If there are two or more policies which provide coverage at the same limits, we will only pay our proportionate share. We will not pay damages to or for any “household member” who has a Massachusetts auto policy of his or her own or who is covered by any Massachusetts auto policy of another “household member” providing uninsured auto insurance with higher limits.
c. Anyone else for damages while “occupying” a covered “auto.” We will not pay damages to or for anyone else who has a Massachusetts auto policy of his or her own, or who is covered by any Massachusetts auto policy of another “household member” providing uninsured auto insurance.
d. Anyone else for damages he or she is entitled to recover because of injury to a person under this coverage.
Plaintiffs Exhibit E, Defendant Exhibit B.
State Farm paid Dahlstedt personal injury protection (PIP) benefits for lost wages and medical bills resulting from the accident. Dahlstedt sent a letter to State Farm dated November 29, 1995, stating that she would pursue an underinsured motorist claim pursuant to the State Farm policy. Dahlstedt pursued the underinsured motorist claim on the ground that her damages exceeded the available insurance. Specifically, Jackson’s policy issued by Commerce Insurance Company had bodily injury liability coverage limits of $20,000 “per person” and $40,000 “per accident.” Dahlstedt did not pursue any claim against Grove, the other motorist involved in the accident.
On May, 30,1996, Dahlstedt requested of State Farm consent to settle with Commerce for its policy limit of $20,000. Plaintiff Exhibit G. By letter dated October 16, 1996, State Farm acknowledged that Dahlstedt settled the case with Commerce and notified her that she would need to undergo an Independent Medical Examination. Dahlstedt was apparently subsequently examined by a doctor. A letter dated January 30, 1997, informed Dahlstedt that her claim was under evaluation. Plaintiff Exhibit J. By correspondence dated March 17, 1997, State Farm informed Dahlstedt that she was not a named insured under the policy and that the underinsured coverage did not apply to her because she had a Massachusetts policy of her own. On June 9, 1997, Dahlstedt initiated this declaratory judgment action in Middlesex Superior Court.
DISCUSSION
I. The Standard
This court grants summary judgment where the record establishes that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c).
A. The Named Insured
Interpretation of an insurance contract is a question of law for the trial judge. Cody v. Connecticut General Life Ins. Co., 387 Mass. 142, 146 (1982). “The interpretation of an insurance contract is no different from the interpretation of any other contract, and we must construe the words of the policy in their usual and ordinary sense." Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 280 (1997). In the present case the court must determine whether Dahlstedt is entitled to receive underinsured motorist coverage from the State Farm policy.
The policy defines the insured as:
a. You, while “occupying” a covered “auto,” while occupying" an “auto” you do not own, or if injured as a “pedestrian.”
b. If the form of your business under Item One of the declarations is shown as an individual, any *535 “household member,” while “occupying” a covered “auto," while “occupying” an auto not owned byyou, or if injured as a “pedestrian.”
If there are two or more policies which provide coverage at the same limits, we will only pay our proportionate share. We will not pay damages to or for any “household member” who has a Massachusetts auto policy of his or her own or who is covered by any Massachusetts auto policy of another “household member" providing uninsured auto insurance with higher limits.
c. Anyone else for damages while "occupying” a covered “auto.” We will not pay damages to or for anyone else who has a Massachusetts auto policy of his or her own, or who is covered by any Massachusetts auto policy of another “household member” providing uninsured auto insurance.
d. Anyone else for damages he or she is entitled to recover because of injury to a person under this coverage.
In addition, “you” is defined as “the Named Insured shown in the Declarations” of the policy.
Paragraphs b, c, and d, do not apply to Dahlstedt. Paragraph b is inapplicable because the form of business listed under Item One of the declarations is not an individual.[3] Paragraph c does not apply to Dahlstedt because apparently she had other coverage. Paragraph d refers to loss of consortium claims and is not applicable to the facts here.
The first argument advanced by Dahlstedt is that she is covered as an insured individual under paragraph a of the policy.
Paragraph a, when read in conjunction with the relevant definitions in the policy, provides in part that an individual is an insured if said individual is “the Named Insured shown in the Declarations” of the policy. The declarations of the policy in dispute read as follows:
STEVE BACKER PRODUCTIONS
C/O KRISTEL DAHLSTEDT
11 DANA ST
BROOKLINE MA 02146-6803
While Dahlstedt’s name does appear in the declarations, it is underneath the corporate name of Backer and is preceded by the “care of’ designation. Construing the ordinary language of the policy, Hakim v. Massachusetts Insurers’ Insolvency Fund, supra at 280, this court concludes that Dahlstedt cannot be deemed the named insured. The “care of’ designation is widely understood to mean that the item at issue is “in the charge of’ or being sent to “the address of’ the party named to be in care of said item. See Webster’s New Universal Unabridged Dictionary 274 (2nd ed 1983). In ordinary usage, the term means that the addressee or subject, here Backer, can be located at or communicated with via the person and address specified after the in “care of’ designation. Although it maybe unusual to find the “care of’ designation in the declarations of an insurance policy, the inclusion of this designation does not render the policy ambiguous. Dahlstedt is not entitled to coverage as a named insured merely because she was designated as the “care of’ addressee. Furthermore, the endorsement to the policy which was submitted by Dahlstedt and State Farm clearly identifies the named insureds as Steve Backer Productions, Inc. and Volvo Car Finance with Dahlstedt’s name and address listed for the mailing address. Nothing in the endorsement allows for the interpretation which Dahlstedt requests, namely that she was intended to be covered as the named insured.
Where a corporation is listed as the named insured, Massachusetts courts have refused to extend underinsured motorist coverage to employees, shareholders or officers of the named corporation. See Spaneas v. Travelers Indemnity Co., 423 Mass. 352 (1996) (where policy listed a corporation as the named insured, the court declined to treat the plaintiff who was the sole shareholder of that corporation as the named insured); Jacobs v. United States Fidelity & Guaranty Co., 417 Mass. 75 (1994) (employee of the corporation was not the named insured for purposes of the underinsured motorist coverage of a standard insurance policy that listed the corporation as the named insured).
Dahlstedt argues, in the alternative, that even if the policy is clear it should be held invalid because it leads to an unconscionable result. Dahlstedt contends that she had a reasonable expectation that she was covered as the named insured under the policy because, inter alia, the policy was sent to her home, the vehicle was kept at her home, and the premium on the policy was premised on the garaging of the vehicle at her home. This court disagrees. Where the insured vehicle was not owned by Dahlstedt and Dahlstedt was not designated as the named insured, denial of underinsured motorist coverage to her does not lead to an unconscionable result. Compare Thattil v. Dominican Sisters of Charity of Presentation of the Blessed Virgin, Inc., 415 Mass. 381, 388 (1993) (the Court found denial of underinsured motorist coverage to be an unconscionable result because of the extremely unusual circumstance that the plaintiff, a nun, had “merged her identity” with that of the religious corporation that was designated as the named insured). Since, the policy at issue is valid and unambiguous, Dahlstedt is not entitled to underinsured motorist coverage as the named insured.
B. Estoppel
Dahlstedt next argues that State Farm should be estopped from denying her claim for underinsured motorist coverage because State Farm’s conduct, in delaying denial, induced her to believe she was the named insured. The party asserting an estoppel theory has the burden of proving all the elements of estoppel. The factors that give rise to an estoppel are:
(1) A representation or conduct amounting to a representation intended to induce a course of con *536 duct on the part of the person to whom the representation is made.
(2) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made.
(3) Detriment as a consequence of the act or omission.
Clickner v. Lowell; Waterman, 422 Mass. 539, 544 (1996).
In support of her claim that State Farm should be estopped from denying coverage to her, Dahlstedt argues that (1) she relied on State Farm’s representation, its provision of the policy, to her detriment because she would have procured more underinsured motorist insurance on her own policy if she had known she was not the named insured on the Backer policy; (2) she was prejudiced because she released Jackson from liability in order to settle for his policy limit but she would have sued him for all her damages if she had known that she was not entitled to underinsured motorist coverage under the State Farm policy; and (3) she relied on State Farm’s conduct to her detriment in that she would have explored the issue of Grove’s liability if she had known she could not obtain coverage through State Farm.
Dahlstedt has failed to meet her burden of showing detriment that resulted from conduct induced by State Farm. In fact, she has not submitted any affidavit to support the arguments in her opposition to the motion for summary judgment. Her speculative assertions relating to what she might have done if she had understood Backer’s policy are insufficient to demonstrate detriment. Her contention that she would have paid for more insurance is unsupported by the record. Further, State Farm’s insurance policy, although mailed “care of’ Dahlstedt does not constitute a representation made with the intention of causing an act or omission on the part of Dahlstedt. Secondly, she was not prejudiced by releasing Jackson as there is no evidence that he had any assets with which to satisfy a judgment in excess of his insurance policy limit. Finally, she cannot reasonably argue that State Farm’s conduct prevented her from pursuing a claim against Grove. She remains in a position to explore such a claim today because the statute of limitations has not expired; however, she has chosen not to pursue that claim.
Citing to Jet-Line Services v. American Employers Insurance Co., 404 Mass. 706, 715 (1989), and Deer-field Plastics Co., Inc. v. Hartford Insurance Co., 404 Mass. 484, 486-87 (1989), Dahlstedt maintains that State Farm carries the burden of proving that she has not suffered loss as a result of State Farm’s conduct. Dahlstedt’s reliance on these cases is misplaced. While, State Farm’s delay in denying coverage is regrettable, it does not constitute negligent conduct or amount to a misrepresentation that requires the burden of proof of loss to shift to the insurer.
In Jet-Line Services v. American Employers Insurance Co., 404 Mass. 706 (1989), the Court stated that “(w)here an insurer’s conduct amounting to a misrepresentation misleads an insured reasonably to believe that there is coverage for a type of loss that in fact occurs, the insured may satisfy its burden of proof of detrimental reliance (that is, that the insurer’s conduct caused a loss to the insured) simply by demonstrating that the loss occurred. As a matter of fairness, the insurance company should have the burden of showing that, if the insured had not had the coverage as represented by the insurer, the insured would have sustained the loss in any event.” Jet-Line Services v. American Employers Insurance Co., id. at 715 (burden shifted to the insurer where the insurer made a misrepresentation causing the insured to renew its policy at a substantially higher premium with the reasonable belief that the policy covered the type of loss which was in fact not covered but did later occur). Accordingly, the burden is on Dahlstedt to prove that she suffered loss as a result of State Farm’s conduct and the court concludes that she has failed to meet that burden.
The Deerfield Plastics Co., Inc. v. Hartford Insurance Co., 404 Mass. 484, 486-87 (1989), case does not support Dahlstedt’s assertion that State Farm must prove she did not sustain loss. There, the Court stated “(o]nce [the insured] produced evidence that [the insurer] was negligent in its claim investigation . . . [the insurer] had tire burden of proving that [the insured] sustained no loss because of [the insurer’s] negligent claim investigation.” Dahlstedt has not demonstrated that State Farm’s conduct was negligent, therefore, the burden of proof remains with Dahlstedt.
In conclusion, the burden is on Dahlstedt to establish all the elements that give rise to an estoppel and she fails to meet this burden because she cannot show detriment caused by an act or omission that was intentionally induced by State Farm.
ORDER
For all the reasons stated above, it is hereby ordered that State Farm’s motion for summary judgment be ALLOWED.

 The parties failed to offer supporting affidavits along with their document submissions. Consequently, the background information presented here was gleaned from the admitted facts. The parties agree that the insurance policy submitted to the court was in effect at the time of the plaintiffs accident.

 The term “you” is defined as “the Named Insured shown in the Declarations” of the policy. At the hearing for summary judgment, the court noted that the definition for the term “you” did not appear to have been offered in the parties’ submissions. After the hearing, the definition was offered supplementally to Defendant’s Exhibit B by counsel for State Farm.

 Although the name listed in Item One of the policy declarations does not specify Backer’s corporate status, the endorsement to the policy refers to Steve Backer Productions, Inc. as the named insured and the parties agree that Backer is a corporation.