ST. PAUL FIRE AND MARINE IN-SURANCE COMPANY, as Subro-gee of Vicam, L.P., Plaintiff,

v.

BIRCH, STEWART, KOLASCH & BIRCH, LLP., Leonard R Svensson, Bernard L. Sweeney, Defendants.

No. CIV.A.01–10327–RBC.

United States District Court, D. Massachusetts.

Jan. 12, 2006.

Thomas J. Conlin, Robins, Kaplan, Miller & Ciresi LLP., Bruce A. Finzen, Robins, Kaplan, Miller & Ciresi LLP., Minneapolis, MN, for St. Paul Fire and Marine Insurance Company, Plaintiff.

David A. Barry, Sugarman Rogers Barshak & Cohen, William L. Boesch, Sugarman, Rogers, Barshak & Cohen, Boston, MA, for Birch, Stewart, Kolasch & Birch, LLP., Bernard L. Sweeney, Leonard R. Svensson, Defendants.

Lisa A. Furnald, Robins, Kaplan, Miller & Ciresi L.L.P., Boston, MA, for St. Paul Fire and Marine Insurance Company, Counter Defendant.

Guive Mirfendereski, Newton, MA, for Vicam Limited Partnership, Interested Party.

Benjamin D. Stevenson, Robins, Kaplan, Miller & Ciresi L.L.P., Boston, MA, for St. Paul Fire and Marine Insurance Company, Birch, Stewart, Kolasch & Birch, LLP., Defendants.

Warren E. Zirkle, McGuire Woods LLP, McLean, VA, for Birch, Stewart, Kolasch & Birch, LLP., Bernard L. Sweeney, Leonard R. Svensson, Defendants.

## MEMORANDUM RE: PROOF OF CAUSATION AND *DAMAGES IN LEGAL MALPRACTICE CLAIM*

COLLINGS, United States Magistrate Judge.

During the course of the final pretrial conference in this legal malpractice case, an issue arose with respect to which party bore the burden of proof of causation and damages in connection with the legal malpractice claims against Attorney Sweeney. Specifically, the plaintiff, St. Paul Fire and Marine Insurance Company ("St.Paul"), takes the position that the burden-shifting articulated in *Glidden v. Terranova*, 12 Mass.App.Ct. 597, 600, 427 N.E.2d 1169, 1171 (1981) applies. The defendants, Birch, Stewart, Kolasch & Birch, LLP, Leonard R. Svensson and Bernard L. Sweeney (collectively "the defendants") disagree. In their view, having opted to pursue its case based on a "lost settlement opportunity" theory, it is incumbent upon the plaintiff to establish that Attorney Sweeney was negligent and, absent that negligence, that St. Paul would have obtained a better result in the case, i.e., paid a nominal or *de minimus* settlement.

St. Paul brings this present action as the subrogee of Vicam, L.P. ("Vicam"). It is the fact that Vicam was the defendant in the action below which gives rise to the thorny question at hand. In *Glidden*, the Massachusetts Appeals Court held that:

> Where a party who was the plaintiff in a legal action sues his attorney for negligence in the prosecution of that action, he must establish that he probably would have succeeded in the underlying litigation were it not for the attorney's negligence. However, there are no cases in Massachusetts which answer the question of where the burden of proof lies in a malpractice action when the defendant-attorney allegedly failed to defend in the underlying litigation. . . . We hold that the attorney should indeed bear the burden of proof in such a case, for "since the client had no obligation 'to prove his case' in the underlying action (he could have simply required the plaintiff to prove his case), he should not shoulder the burden of proving a defense in the malpractice action."

*Glidden,* 12 Mass.App.Ct. at 600, 427 N.E.2d at 1171 (citations omitted). In *Cain v. Kramer,* 2002 WL 229694 (D.Mass.), Judge Woodlock applied the *Glidden* burden-shifting, observing that the *Glidden* rationale has been cited by the Massachusetts Supreme Judicial Court "with apparent approval" on at least two occasions:

> In *Jernigan v. Giard,* 398 Mass. 721, 500 N.E.2d 806 (1986), while reiterating the general rule that the plaintiff has the burden of proving proximate cause, *id.* at 723, 500 N.E.2d 806, the court noted: "We would accept the concept that an attorney defending a malpractice action may not rely on the consequences of his own negligence to bar recovery against him. The problem here is that there was no evidence to warrant the conclusion that the attorney's negligence made proof of collectibility impossible or more difficult." *Jernigan,* 398 Mass. at 723, 500 N.E.2d 806. Subsequently, in *Deerfield Plastics Co., Inc. v. Hartford Ins. Co.,* 404 Mass. 484, 536 N.E.2d 322 (1989) (insurance claim wherein defendant argued by analogy to legal malpractice actions regarding the burden of proof), the court expressed approval of the *Glidden* holding, agreeing with the plaintiff that the burden of proving probable success in the underlying action may not be placed on the defendant in the underlying action. *Id.* at 486 n. 3, 536 N.E.2d 322 (stating, "The Appeals Court rightly so held in *Glidden* ....").

*Cain,* 2002 WL 229694, *9.

Based on this precedent, I reaffirm my earlier conclusion made in deciding the motions for summary judgment: "Under Massachusetts law, Sweeney bears the burden of proving that his alleged malpractice did not cause Vicam's loss." *St. Paul Fire and Marine Insurance Company v. Birch, Stewart, Kolasch & Birch, LLP.,* 379 F.Supp.2d 183, 203 (D.Mass., 2005).

The defendants' contention that *Glidden* does not apply given St. Paul's theory of the case is not persuasive. Although the defendants have submitted a compendium of cases addressing legal malpractice premised on a "lost settlement opportunity" theory, in the overwhelming majority of those cases, the client suing for malpractice was the plaintiff in the action below. None of the cases upon which the defendants rely are factually comparable to the situation at hand. Moreover, the defendants have submitted no authority to suggest that the *Glidden* burden-shifting is inapplicable merely because St. Paul is claiming malpractice due to a lost settlement opportunity as opposed to some other theory.[1]

In sum, I find that Sweeney bears the burden of proving that any negligence on his part did not cause injury to Vicam.[2]

---

1. To extent that Massachusetts law as applied to the particular circumstances of this case may be said to be unclear, the Court offered to consider certifying questions to the SJC. Both counsel indicated that they did not want the Court to pursue that option.

2. The Court notes that the burden-shifting in *Glidden* only applies to malpractice committed as trial counsel; it has no bearing on the claim against Attorney Svensson. As to any claims against Attorney Svensson, St. Paul bears the burden of proof on all issues.