Hadley, J.
The plaintiff, Karlene A Mulcahy (“Mulcahy”), has appealed the entry of summary judgment for the defendant, Attorney Anthony M. Salerno (“Salerno”). The material facts, viewed in the light most favorable to Mulcahy, Nelson v. Salem State College, 446 Mass. 525, 530 (2006), are as follows. On September 18, 2006, Mulcahy was a passenger on a motorcycle when it struck a tree. The operator died as a result of the accident, and Mulcahy broke her leg in several places. In December, 2006, the insurer for the motorcycle operator made a written offer to pay Mulcahy $20,000.00 in full settlement of all claims. The insurer provided Mulcahy with a release for her signature. This offer represented all of the insurance available to Mulcahy for her injuries. Unsure how to respond, Mulcahy sought the advice of Salerno. Salerno provided Mulcahy with a Contingent Fee Agreement (the “Agreement”) for her signature. She signed the Agreement without any discussion of the significance of the fact that she had already received an offer of the decedent’s full insurance policy limit before engaging Salerno.
*226 The Agreement stated that Mulcahy retained Salerno to perform legal services regarding the motorcycle accident. It also provided that the “contingency upon which compensation is to be paid is the Gross [ac] amount of recovery,” and that “reasonable compensation on the foregoing contingency” was “ONE THIRD [ac] of the total amount recovered” by the defendant, “whether by way of compromise and settlement, judgment or award.”
The Agreement also provided that if Salerno were discharged before the conclusion of the matter, he would be entitled to be compensated for the fair value of the services rendered, or, at his option, one-third of the gross amount of the last offer of settlement prior to discharge. The Agreement authorized Salerno to have “any applicable insurance carrier” add his name as payee on any draft it issued. It also included a provision giving him “an assignment and general lien as security for the payment of legal fees and expenses.”
The Agreement also included the following provision:
8. In the event the Client and the Corporation/Attorney are unable to resolve their differences on the question of any fee, and/or expense, or the question of any other issue, they hereby agree to make a good faith effort at resolving their disputes. If the dispute cannot be resolved, the Client and Corporation/Attorney agree to place all issues before the Fee Arbitration Board of the Worcester County Bar Association and agree to be bound by its decision.
Finally, the Agreement stated that “[t]he client at their [sic] option may seek independent legal review of this document prior to signing same,” and that the parties were executing the Agreement “knowingly, intelligently and willingly.”
On September 20, 2007, Salerno advised the decedent’s insurer that Mulcahy agreed to accept the offer of $20,000.00. Salerno sent the insurer the signed release it had requested and directed it to forward a check for $20,000.00 payable to him as attorney for Mulcahy. Salerno sent the insurer a copy of the Agreement.
Mulcahy objected to the contingent one-third fee Salerno planned to take from the $20,000.00 settlement and terminated her relationship with Salerno. In a letter, Salerno notified the insurer that Mulcahy had terminated his representation of her, and asked the insurer to “protect [his] lien” on the file. He claimed he had an attorney’s lien pursuant to G.L.c. 221, §50. He also requested that any settlement payment include his name as a payee. The insurer refused to issue a settlement check, however, until the issue of the claimed lien had been resolved.
Mulcahy obtained legal counsel from another attorney, the third-party defendant, Nicole D. Sullivan (“Sullivan”). Sullivan advised Mulcahy that the one-third contingency fee clamed by Salerno was excessive, and might not be enforceable. In October, 2007, Sullivan wrote to Salerno on Mulcahy’s behalf, notifying him that Sullivan had received a check for $20,000.00 from the insurer jointly payable to Mulcahy, Salerno, MassHealth, and Sullivan. She offered “to proceed to fee arbitration to resolve this dispute.”
The parties subsequently agreed to submit the dispute to arbitration before the Worcester County Fee Arbitration Board. In November, 2007, just prior to the arbitration, however, the parties, through their attorneys, agreed that $6,666.67 from the *227 settlement proceeds would be paid to Salerno. Related issues concerning the payment of the medical lien were also resolved, and the arbitration did not proceed. Sullivan subsequently issued checks in accordance with the agreement that had been reached. Mulcahy received $8,420.97; Salerno received $6,666.67; and the lien-holder received the balance.
In March, 2009, Mulcahy commenced this action, alleging that Salerno charged an excessive fee, and that he should have advised her to accept the policy limit offer immediately. She also contends that she would have received more money had she accepted the offer sooner, that is, before MassHealth sought reimbursement for medical bills paid on her behalf. In her complaint, she alleges “attorney malpractice,” a violation of the implied covenant of good faith and fair dealing, and violations of G.Lc. 93A.
Salerno moved to dismiss the complaint, asserting that Mulcahy already settled her claims and, therefore, was barred from asserting them under the doctrine of accord and satisfaction. Because Salerno had asked the court to consider matters outside the pleadings, the trial judge treated the motion to dismiss as a motion for summary judgment. After a hearing, Salerno’s motion was allowed. The judge found that Mulcahy, with the advice of counsel, had resolved her dispute with Salerno and, therefore, was not entitled to the relief she had sought in her complaint.
The defendant has the burden of proving the accord and satisfaction, which, as a general rule, is a question of fact. Champlin v. Jackson, 313 Mass. 487, 489 (1943). To sustain his burden, the defendant must prove the accord, a compromise or settlement of a disputed claim, and satisfaction or performance of the accord. Sherman v. Sidman, 300 Mass. 102, 105-106 (1938). The defense is premised on the principle that when one who has a disputed claim against another accepts an amount smaller than the amount claimed in satisfaction of the claim, she may not afterward maintain an action for the unpaid balance of her original claim. Cuddy v. A & E Mechanical, Inc., 53 Mass. App. Ct. 901 (2001).
In light of the foregoing, we conclude that Salerno established this defense based on the settlement that was agreed upon by the parties. Mulcahy cannot maintain an action for additional compensation. Summary judgment for Salerno is affirmed.
So ordered.