Hadley, EJ.
This is an action to recover damages arising from a claim of legal malpractice. The trial judge allowed the defendant’s motion for a directed verdict at the close of the plaintiffs case. The plaintiff has appealed that ruling.
The facts presented to the jury, viewed in the light most favorable to the plaintiff, Providence & Worcester R.R. Co. v. Chevron U.S.A. Inc., 416 Mass. 319, 321 (1993), are as follows. In September, 2006, the plaintiff, Karlene A. Mulcahy (“Mulcahy’), was a passenger on a motorcycle operated by Kenneth Brimley (“Brimley”). Brimley died as a result of the accident and Mulcahy was injured. In December, 2006, Sentry Insurance Company (“Sentry”), the insurer of the motorcycle operated by the late Brimley, offered to pay Mulcahy $20,000.00 in settlement of her bodily injury claim. Sentry provided Mulcahy with a release for her signature with instructions to return the signed release to the insurance company in exchange for payment. This offer represented all the insurance available to Mulcahy for her injuries. Unsure how to respond, Mulcahy sought the advice of Attorney Anthony M. Salerno (“Salerno”). Salerno provided Mulcahy with a contingent fee agreement (the “Agreement”) for her signature. She signed the Agreement without any discussion of the significance of the fact that before engaging Salerno, she had already received an offer from Sentry for the policy limit. Based on Mulcahy’s discussions with Salerno, however, she believed that he would investigate the prospects for a legal action against a bar that had served alcohol to Brimley before the accident occurred. It was Mulcahy’s understanding that Salerno would be paid a one-third contingency fee based on any recovery obtained from the bar owner.
In September, 2007, after Mulcahy had not heard from Salerno for several months, she spoke to the defendant in this case, Attorney Nicole Duca Sullivan (“Sullivan”), who was representing Mulcahy in a pending disability claim. Mulcahy was having substantial financial difficulties at the time, and sought assistance from Sullivan in expediting recovery on her personal injury claim. Like Salerno, Sullivan had her sign a contingent fee agreement.
With Sullivan’s assistance, Mulcahy sent a letter to Salerno notifying him that she was discharging him as her attorney with regard to the 2006 motorcycle accident. In the letter, she asked Salerno to forward her file to Sullivan. Sullivan faxed this letter to Salerno with a written request that he deliver Mulcahy’s file the next day along with an accounting of any expenses he had incurred and any time he had spent on Mulcahy’s claim. Sullivan also sent a letter to Sentry advising it that she would be *142 representing Mulcahy.
Minutes after Sullivan faxed these materials to Salerno, he faxed the release that Mulcahy had previously signed to Sentry and directed the insurer to send him a check for $20,000.00 payable to Salerno as attorney for Mulcahy. He later faxed a letter to Sentry. Citing G.L.c. 221, §50, Salerno stated in the letter that he was asserting “an attorney’s lien for legal fees and expenses.” He also insisted that any settlement check that Sentry issued must include his name as a payee.
Sentry, however, sent Sullivan a check for $20,000.00 payable to Sullivan’s law firm, to Salerno, to Mulcahy, and to a lienholder that had asserted a lien for unpaid medical bills. Salerno refused to endorse the insurer’s settlement check unless he was paid $6,666.67, one-third of the $20,000.00 settlement.
In October, 2007, Sullivan wrote to Salerno notifying him that she had received the settlement check and asking Salerno to sign a form authorizing Sentry to issue separate checks to Mulcahy’s health care providers in order to resolve liens they had asserted. She proposed that Sentry be asked to issue a check payable to Sullivan and Salerno for one-third of the settlement, as well as a final check for the balance payable to Mulcahy in order to expedite the payment of some money to Mulcahy. Sullivan stated Mulcahy’s position that the contingent fee agreement she had entered into with Salerno was no longer valid and that he was “only entitled to Quantum Meruit.” Sullivan again requested a breakdown of any time that Salerno had expended on Mulcahy’s behalf, and proposed that Salerno accept one-third of the $6,666.67 fee he was seeking. Finally, she suggested that if this figure were not acceptable, the parties could proceed to binding fee arbitration, as provided in the contingent fee agreement entered into between Mulcahy and Salerno. Salerno, however, continued to insist on payment of the full $6,666.67.
Once again, viewing the relevant facts that were presented to the jury in the light most favorable to Mulcahy, sometime before proceeding to fee arbitration, Sullivan advised Mulcahy that she could simply pay Salerno the contingent fee he was demanding and sue him at a later date. In November, 2007, rather than pursuing fee arbitration, Sullivan, on behalf of Mulcahy, issued a check for $6,666.67 payable to Salerno. Sullivan also paid $4,912.36 to satisfy a lien. A check for the balance of the $20,000.00 settlement was issued to Mulcahy.
In March, 2009, Mulcahy commenced a civil action against Salerno, alleging he had charged an excessive fee, had violated the implied covenant of good faith and fair dealing, and had committed unfair and deceptive acts or practices in violation of G.L.c. 93A. The trial judge, however, allowed Salerno’s motion to dismiss Mulcahy’s claim, determining that Mulcahy, with the advice of counsel, had resolved her dispute with Salerno and thereafter was not entitled to pursue the relief she sought. In Mulcahy v. Salerno, 2010 Mass. App. Div. 225, this Appellate Division affirmed the trial judge’s decision, finding the defendant, Salerno, had proved an accord and satisfaction and that Mulcahy could not thereafter maintain an action against him. Id. at 227, aff’d, 80 Mass. App. Ct. 1109 (2011), rev. den., 460 Mass. 1116 (2011).
In 2011, Mulcahy brought this second civil action for legal malpractice, this time alleging that Sullivan had acted negligently in failing to advise her to pay Salerno without also preserving her legal right to pursue an action against Salerno at a later time.
At that trial, the jury heard evidence in the form of expert opinion from an expe *143 rienced personal injury attorney. He opined that Salerno breached his ethical duty owed to Mulcahy by executing a contingent fee agreement and by demanding one-third of the $20,000.00 offer of settlement that Mulcahy had received. He also opined that it was improper for Salerno to send a letter to Sentry asserting a statutory attorney’s lien when he had no right to do so; and that Salerno acted unethically in collecting a fee which was clearly excessive and unreasonable under the circumstances.
With regard to Sullivan, the expert witness testified that she had breached her duty of care to Mulcahy by not protecting her rights and incorrectly advising Mulcahy that she could forego fee arbitration and pay Salerno and still pursue a legal action against him at a later date.
With regard to damages, the expert testified that Salerno was not entitled to receive a contingent fee after his employment was terminated by Mulcahy. He noted, however, that if it were determined that Salerno performed legal services for Mulcahy prior to the termination of their attorney-client relationship, he would have been entitled to payment for the reasonable value of his work. Other than an expense of $10.00 for securing a police report, no evidence was introduced regarding what work, if any, Salerno had done on Mulcahy’s behalf.
At the close of plaintiff Mulcahy’s case, defense counsel asserted that Sullivan was entitled to a directed verdict because even if Mulcahy proved that Salerno acted improperly and that his fee was excessive and that Sullivan was negligent, Mulcahy had not introduced evidence as to the value of any work Salerno did perform on Mulcahy’s behalf. The judge ruled that Mulcahy had failed to meet her burden of establishing what the result of her claim against Salerno probably would have been if Sullivan had not been negligent; that is, Mulcahy had not proved her damages because there was no evidence for the jury as to the extent to which Salerno’s fee was excessive. Because the trial judge determined that the issue of damages had been left to speculation and conjecture, he allowed Sullivan’s motion for a directed verdict.
In reviewing a motion for directed verdict pursuant to Mass. R. Civ. P., Rule 50(a), we do not weigh the credibility of the witnesses or otherwise consider the weight of the evidence. This Appellate Division will instead consider all the evidence in the light most favorable to the plaintiff in order to determine whether the jury reasonably could have returned a verdict for the plaintiff. See Rubel v. Hayden, Harding & Buchanan, Inc., 15 Mass. App. Ct. 252, 254 (1983). In this case, on the evidence taken most favorably to plaintiff Mulcahy, it was error to allow defendant Sullivan’s motion for a directed verdict. In an attorney malpractice action, the plaintiff must show that the defendant attorney owed her a duty of care; that the defendant breached the duty of care; that the plaintiff suffered injury or harm; and that the defendant’s breach of that duty was a cause of the plaintiff’s injury or harm. Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., 25 Mass. App. Ct. 107, 111 (1987). See also Fishman v. Brooks, 396 Mass. 643, 646-647 (1986). In this case, a jury could have found that Salerno was not entitled to receive a $6,667.67 contingent fee from Mulcahy and that Sullivan failed to exercise a reasonable degree of care and skill in her representation of Mulcahy. In addition, viewing the evidence in the light most favorable to Mulcahy, a jury could reasonably have determined that as a result of Sullivan’s negligence, Mulcahy lost the right to pursue a civil action against Salerno.
*144 As to the issue of damages, the trial court incorrectly placed the burden on Mulcahy to prove the amount of money that Salerno was entitled to be paid for any work he did for Mulcahy before his representation of her ended. This issue was addressed in Glenn v. Aiken, 409 Mass. 699 (1991), a decision that involved a malpractice claim against an attorney. In that case, the Supreme Judicial Court stated that:
In a malpractice action claiming that counsel for the defendant in a civil case was negligent, the defendant attorney can prevail by proving by a preponderance of the evidence that, even though he may have been negligent, the plaintiff, his former client, would have lost the underlying case anyway. See Glidden v. Terranova, 12 Mass. App. Ct. 597, 600 (1981), approved on this point in Deerfield Plastics Co. v. Hartford Ins. Co., 404 Mass. 484, 486 n.3 (1989). In other words, in such a ‘trial within a trial,’ the defendants’ attorney seeks to prove that the plaintiff in the underlying action would have prevailed even if the defendant attorney had not been negligent. The factual issues once involved in the underlying action are presented to the trier of fact in the malpractice case with the burden of proof placed precisely as it was in the underlying action itself, counsel for the defendant attorney presenting the case formerly presented by the plaintiff in the underlying action.
Id. at 706.
In view of the fiduciary nature of the attorney-client relationship, courts have recognized that “a lawyer always bears the burden of proof in any proceeding to resolve a billing dispute, whether the lawyer appears as a plaintiff seeking to recover a fee or as a defendant in a suit for a refund.” Sears, Roebuck & Co. v. Goldstone & Sudalter, 128 F. 3d 10 (1st Cir. 1997), citing First Nat'l Bank of Boston v. Brink, 372 Mass. 257 (1977), Smith v. Binder, 20 Mass. App. Ct. 21 (1985), and RESTATEMENT (THIRD) OFTHE LAW GOVERNING LAWYERS, §56(2) (Proposed Final Draft No. 1, March 29, 1996).
In another First Circuit Court of Appeals decision interpreting Massachusetts law, the Court noted that in attorney malpractice actions:
[0]nce some form of negligence has been shown on the part of the defendant attorney in the malpractice action, the issue of the defendant’s ultimate liability for damages turns upon whether his or her negligence affected the result in the prior action. The burden of proof, however, does not shift between the prior action and the action for malpractice. The factual issues once resolved in the underlying action are presented to the trier of fact in the [malpractice] case with the burden of proof placed precisely as it was in the underlying action itself.’ Glenn v. Aiken, 409 Mass. 699, 549 N.E.2d 783, 786, 787 (1991). Thus, if a plaintiff in a malpractice action ... would not have borne the burden of proof in the underlying action, that burden does not shift to it. Instead, the negligent defendant... bears the burden of showing that its negligence produced no loss to the plaintiff because, even if there had been no negligence, the underlying action would *145 have achieved the same result Glidden v. Terranova, 12 Mass. App. Ct. 597, 427 N.E.2d 1169, 1171 (1981). ‘[S]ince the client had no obligation “to prove his case” in the underlying action (he could have simply required the plaintiff to prove his case), he should not shoulder the burden of proving a defense in a malpractice action.’ (quoting NOLAN, TORT LAW §182 at 297); see also Deerfield Plastics Co. v. Hartford Ins. Co., 404 Mass. App. Ct. 484, 536 N.E.2d 322, 324 (1989).
St. Paul Fire & Marine Ins. Co. v. Ellis & Ellis, 262 F.3d 53, 65-66 (1st Cir. 2001).
Applying these principles to the instant case, in Mulcahy’s claim against Salerno it is Salerno who would have had the burden of justifying or proving any fee to which he claimed he was entitled. Consequently, in Mulcahy’s claim against Sullivan, the burden of proving that Salerno was entitled to a fee does not shift to Mulcahy, the client, but remains with the defendant, Sullivan.
For this reason, the judgment for the defendant is vacated, and the allowance of the defendant’s motion for a directed verdict is reversed and vacated. The case is returned to the Worcester Division of the District Court Department for a new trial.
So ordered.